# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>PATRICK HARRELL,<br><br>    Defendant. | No. 05MJ110<br><br>**DETENTION ORDER** |

This matter came on for detention hearing on July 1, 2005. Assistant U.S. Attorney John Lammers appeared for the plaintiff (the "Government"). The defendant Patrick Harrell appeared in person with his attorney, Robert Sikma. The Government offered the testimony of Task Force Officer Shawn Jensen.

The court must determine whether any condition or combination of conditions will reasonably assure the defendant's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985), *cert. denied*, 479 U.S. 950, 107 S. Ct. 436 (mem.), 93 L. Ed. 2d 385 (1986); *United States v. Garcia*, 801 F. Supp. 258, 260 (S.D. Iowa 1992).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community if the court finds there is probable cause to believe the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* This presumption is subject

to rebuttal by the defendant. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1)(C). The probable cause element of section 3142(e) which triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See United States v. Apker*, 964 F.2d 742, 744 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the record indicates Harrell, who is only twenty years old, already has a significant criminal history. Included among his past charges are a charge for assault that required stitches in his neighbor's head, and a terrorism charge arising from a drive-by shooting. Harrell's history indicates there are no conditions of release that would ensure the safety of the community if he were released.

In addition, the Government's case against Harrell is extremely strong, and Harrell has offered no evidence to overcome the presumption that he would be a danger to the community. The presumption arises from the charge itself – a serious drug charge involving distribution of a significant quantity of methamphetamine. *See United States v. Cox*, 635 F. Supp. 1047, 1055 (D. Kan. 1986) (citing *United States v. Fortna*, 769 F.2d 243, 247 (5th Cir. 1985); *United States v. Williams*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Daniels*, 622 F. Supp. 178, 179 (N.D. Ill. 1985); *United States v. Jones*, 614 F. Supp. 96, 97-98 (E.D. Pa. 1985)). Viewing the record as a whole, the court finds nothing to indicate Harrell would refrain from engaging in criminal activity if released, or that he could be relied upon not to flee the court's jurisdiction.

The court finds the Government has proved by a preponderance of the evidence that Harrell is a flight risk, and by clear and convincing evidence that Harrell would be a danger to the community if released. Therefore, the court finds the following:

1. Harrell is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Harrell reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Harrell to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

   (a) Attach a copy of the release/detention order to the appeal;

   (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Harrell must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 1st day of July, 2005.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT